Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000080
12-JAN-2011
01:07 PM

NO. CAAP-10-0000080

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


PALEHUA COMMUNITY ASSOCIATION,
Plaintiff/Counterclaim Defendant-Appellee,

vs.

RONALD HANSON AND KATHY HANSON,
Defendants/Third-Party Plaintiffs-Appellants,

and

SCHULER HOMES aka D.R. HORTON,
a Land Developer and Home Builder;
EDUARDO B. OLIVERIO and GEMMA D. OLIVERIO aka OLIVERIO,
Third-Party Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-001935)


ORDER GRANTING DECEMBER 15, 2010 MOTION
TO DISMISS APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Upon review of (1) Plaintiff/Counterclaim-Defendant/
Appellee Palehua Community Association's (Appellee Palehua
Community Association) December 15, 2010 motion to dismiss Appeal
No. CAAP-10-0000080 for lack of jurisdiction, and (2) the record,
it appears that we lack jurisdiction over Defendants/
Counterclaim-Plaintiffs/Third Party-Plaintiffs/Appellants Ronald
Julian Hanson and Kathy Ann Hanson's (the Hanson Appellants)

appeal from the Honorable Gary W.B. Chang's September 27, 2010 "Order Granting: 1) Plaintiff Palehua Community Association's Motion for Partial Summary Judgment Filed June 14, 2010; and 2) an Award of Attorneys' Fees and Costs in Favor of Plaintiff Palehua Community Association and Against Defendants Ronald Julian Hanson and Kathy Ann Hanson" (the September 27, 2010 summary judgment order), because the circuit court has not yet reduced any of its dispositive orders to a separate judgment, as Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires for an appeal under the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on the separate document requirement, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338.

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

<u>Id.</u> "[A]n appeal from any judgment will be dismissed as

-2-

premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. Furthermore, "[a]n appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339.

The appellate court clerk filed the record on appeal for Appeal No. CAAP-10-0000080 on December 14, 2010, at which time the record on appeal did not contain a separate, appealable judgment. The September 27, 2010 summary judgment order is not a judgment, but rather, the September 27, 2010 summary judgment order is an interlocutory order that the circuit court has not yet reduced to a separate judgment. Absent a separate, appealable judgment, this appeal is premature and must be dismissed for lack of appellate jurisdiction. Accordingly,

IT IS HEREBY ORDERED that Appellee Palehua Community Association's December 15, 2010 motion to dismiss Appeal No. CAAP-10-0000080 for lack of appellate jurisdiction is granted, and this appeal is dismissed.

DATED: Honolulu, Hawai'i, January 12, 2011.

Chief Judge

Associate Judge

Associate Judge

-3-